UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————X

ELLEN MOY, AS ADMINISTRATOR OF THE ESTATE
OF KAM KIU MOY, ELLEN MOY, AS TRUSTEE OF
THE DANIEL T. MOY AND ELLEN C. MOY REVOCABLE
TRUST, AND ON BEHALF OF ALL OTHER PLAINTIFF'S
SIMILARLY SITUATED,

                    Plaintiffs,              Civil Action No.: 18-CV-02163

        -against-

SOUTHBRIDGE TOWERS, INC., WALLACE DIMSON,
BETSY NEBEL-SCHAINHOLZ, RONALD
GUGGENHEIM, JARED BROWN, JOHN OST,
PAUL KEFER, PRC MANAGEMENT CORPORATION,
PRC MANAGEMENT COMPANY, LLC.,

                    Defendants.

———————————————————————————X


**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO
Fed. R. Civ. P. 12 (b)(6)**


                         FLEISCHNER POTASH LLP

                         Attorneys for Defendants
                         SOUTHBRIDGE TOWERS, INC., WALLACE
                         DIMSON, BETSY NEBEL-SCHAINHOLZ,
                         RONALD GUGGENHEIM, JARED BROWN,
                         JOHN OST,  PAUL KEFER, PRC
                         MANAGEMENT CORPORATION,  PRC
                         MANAGEMENT COMPANY, LLC.
                         1527 Franklin Avenue, Suite 200
                         Mineola, New York 11501
                         (646) 520-4200
                         Our File No.: 416-21811

*Of Counsel*
*Evan A. Richman*

## TABLE OF CONTENTS

Table of Authorities………………………………………………………………ii - iv

Preliminary Statement…………………………………………………………..……1

Statement of Facts………………………………………………………………..……5

Argument

I.      Legal Standard……………………………………………………………7

II.     Defendants' motion to dismiss should be granted because an estate simply has no rights with regard to a Mitchell-Lama apartment as a matter of law………………8

III.    The Appellate Division, First Department, has repeatedly dismissed the exact same claims previously asserted by other executors / estates against Southbridge when a tenant died prior to the reconstitution date of September 10, 2015…………..……..10

IV.     DHCR has also independently confirmed the relevant law that estates do not maintain any rights to Mitchell-Lama apartments in Southbridge……………..……...13

V.      The plain and unambiguous terms of the offering plan also mandate the dismissal of this lawsuit……………………………………………………………………15

        A.      Estates are not permitted to participate in the privatization process………...15

        B.      Plaintiff is not a shareholder of record under the offering plan and thereby cannot assert any claims under the offering plan……………………………17

VI.     Under the Mitchell-Lama statutory framework, there can be no waiver or estoppel of Southbridge's rights as a matter of law…………………………..…………………...19

VII.    The one federal claim asserted in the amended complaint fails to state any viable cause of action as a matter of law………..……………………………………………20

        A.      There is no viable claim under 42 U.S.C. Sec. 1981 as this statute only applies to claims of intentional racial discrimination and does not apply to a claim of alleged age discrimination………………………………………………….………20

        B.      There is no viable claim under 42 U.S.C. section 1983 because section 1983 only authorizes a court to grant relief when a party's constitutional rights have been violated by a state or local official or other person acting under color of state law…………………………………………………………..……20

Conclusion…………………………………………………………………..………22

## TABLE OF AUTHORITIES

**Cases**

Anderson v. Comboy,
  156 F.3d 167 (2d Cir. 1998)...................................................................................20

Ashcroft v. Iqbal,
  556 U.S. 662, 678 (2009).......................................................................................7

Barth v. Southbridge Towers, Inc., et al........................................................3, 10, 13, 17
  44 N.Y.S.3d 23, 145 A.D.3d 576 (1st Dept. 2016)

Bell Atl. Corp. v. Twombly,
  550 U.S. 554, 570 (2007).......................................................................................7

Brass v. Am. Film Techs., Inc.,
  987 F.2d 142 (2d Cir. 1993)..............................................................................6, 14

Brown v. City of Oneonta,
  221 F.3d 329 (2d Cir. 1999)................................................................................20

Chambers v. Time Warner, Inc.,
  282 F.3d 147 (2d Cir. 2002)................................................................................16

Chatham Towers v. Estate of Tom,
  607 N.Y.S.2d 543 (Sup. Ct. N.Y. Cty. 1993) .......................................................12

Costacos v. Southbridge Towers, Inc.,
  75 N.Y.S.3d 906, 162 A.D.3d 588 (1st Dept. 2018)................................3, 10, 11, 13

Dennis Lane Apts. Inc. v. James,
  901 N.Y.S.2d 507 (Civ. Ct. 2010) .......................................................................12

DiFolco v. MSNBC Cable, LLC,
  622 F.3d 104 (2d Cir. 2010).................................................................................16

Eagleston v. Guido,
  41 F.3d 865 (2d Cir. 1994)..................................................................................20

Hayut v. State Univ. of New York,
  352 F.3d 733 (2d Cir. 2003)..................................................................................21

Kay v. Southbridge Towers, Inc.,
  44 N.Y.S.3d 23, 145 A.D.3d 576 (1st Dept. 2016) ........................................2, 3, 10, 12, 17, 18

Matter of Bruno v. Van Amerongen,
  2009 N.Y. Misc. Lexis 4071 (Sup. Ct. N.Y. Cty. 2009)...........................................19

Matter of Chawalko v. New York State Div. of Hous. & Community Renewal,
  23 Misc.3d 1109(A), 886 N.Y.S.2d 66 (Sup. Ct. 2009) ...........................................19

Matter of Gottlieb v. New York State Div. of Hous. & Community Renewal,
  2010 N.Y. Misc. LEXIS 2305 (Sup. Ct. N.Y. Cty. 2010) .........................................19

Matter of Heubel v. New York City Dept. of Housing Preservation and Development,
  2011 N.Y. Misc. LEXIS 3517, 2011 N.Y. Slip Op 31929U (Sup. Ct. N.Y. Cty. 2011) ...........12

Matter of Levin v. New York City Dept. of Housing Preservation and Development,
  140 Misc. 2d 110 (Sup. Ct. N.Y. Cty. 1988) ...........................................................12

Matter of Schorr v. New York City Dept. of Hous. Preserv. & Dev.,
  10 N.Y.3d 776, 857 N.Y.S.2d 1 (Ct. App. 2008) .....................................................19

McGugan v. Aldana-Bernier,
  752 F.3d 224 (2d Cir. 2014)...................................................................................20

Reiss v. Financial Performance Corp.,
  97 N.Y.2d 195, 738 N.Y.S.2d 658 (Ct. App. 2001) .................................................15

Rothman v. Gregor,
  220 F.3d 81 (2d Cir. 2000)......................................................................................6

Sherman v. Southbridge Towers, Inc.,
  44 N.Y.S.3d 22, 145 A.D.3d 575 (1st Dept. 2016) .................................3, 10, 13, 17, 18

Southbridge Towers, Inc. v. Renda,
  21 Misc. 3d 1138[A], 875 N.Y.S.2d 824 (Civ. Ct. N.Y. Co. 2008) .........................19

Taylor v. Vt. Dep't of Educ.,
   313 F.3d 768 (2d Cir. 2002)..................................................................................................6

Vermont Teddy Bear Co. v. 538 Madison Realty Co.,
   1 N.Y.3d 470, 775 N.Y.S.2d 765, 807 N.E.2d 876 (Ct. App. 2004) ........................................15

W.W.W. Assoc. v. Giancontieri,
   77 N.Y.2d 157, 565 N.Y.S.2d 440, 566 N.E.2d 639 (Ct. App. 1990) .......................................15

Wallace v. 600 Partners Co.,
   86 N.Y.2d 543, 634 N.Y.S.2d 669 (Ct. App. 1995) .................................................................15

Washington v. County of Rockland,
   373 F.3d 310 (2d Cir. 2004)..................................................................................................20

**Statutes**

42 U.S.C. 1981 ...............................................................................................................1,4, 7, 20

42 U.S.C. 1983 .........................................................................................................1, 4, 7, 20, 21

9 NYCRR 1727-8.2(a) ……………………………………………………………………...9

9 NYCRR 1727-8.3(a).......................................................................1, 2, 3, 8, 11, 12, 13

Fed. R. Civ. P. 12 (b)(6) ...............................................................................1, 5, 7, 16, 22

## **PRELIMINARY STATEMENT**

This Memorandum of Law is respectfully submitted by Defendants SOUTHBRIDGE TOWERS, INC., WALLACE DIMSON, BETSY NEBEL-SCHAINHOLZ, RONALD GUGGENHEIM, JARED BROWN, JOHN OST, PAUL KEFER, PRC MANAGEMENT CORPORATION, and PRC MANAGEMENT COMPANY, LLC. in support of their motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Kam Kiu Moy was a shareholder in the cooperative housing provider known as Southbridge Towers Inc. ("Southbridge") in New York City and she resided in an apartment in Southbridge.   Ms. Moy died on March 11, 2015 which was when Southbridge was still a Mitchell-Lama housing cooperative and before Southbridge formally reconstituted into a private cooperative on September 10, 2015.

This action revolves around the legal question of whether Plaintiff, Ellen Moy, as Administrator of the Estate of Kam Kiu Moy and Ellen Moy, as Trustee of the Daniel T. Moy and Ellen C. Moy Revocable Trust ("Plaintiff"), maintains rights to either the subject apartment and/or to shares of stock in the newly reconstituted private cooperative that are allocated to the subject apartment in Southbridge.  The Amended Complaint contains ten causes of action – nine of the causes of action are state law claims while the remaining cause of action (the fifth cause of action) is for purported age discrimination under 42 U.S.C. secs. 1981 and 1983.

As will be more fully explained herein, the law is clear that neither an executor nor an estate has any rights to a Mitchell-Lama apartment once the tenant of the apartment dies pursuant to Article II of the Private Housing Finance Law and, specifically, pursuant to 9 NYCRR sec. 1727-8.3.  Instead, upon the tenant's death, the executor or the estate is then specifically required

1

to surrender the shares allocated to the subject apartment back to the housing provider under the applicable Mitchell-Lama rules and regulations.

Here, Ms. Moy died on March 11, 2015 when Southbridge was a Mitchell-Lama cooperative. However, Plaintiff failed to surrender back to Southbridge the shares of stock allocated to the subject apartment in violation of the governing Mitchell-Lama rules and regulations. Plaintiff, as the estate representative for Ms. Moy, does not maintain any rights to the Mitchell-Lama apartment since an estate maintains no rights to such an apartment pursuant to 9 NYCRR sec. 1727-8.3. Plaintiff also does not maintain any rights to shares of stock in the newly reconstituted cooperative since Ms. Moy was not alive on the reconstitution date of September 10, 2015. As such, Ms. Moy was never eligible to exchange the shares of stock in the former Mitchell-Lama cooperative for corresponding shares of stock in the reconstituted private cooperative since the shares of stock in the Mitchell-Lama cooperative were previously required to be surrendered back to Southbridge upon Ms. Moy's death. Accordingly, the various claims asserted in the Amended Complaint are all wholly without merit as a matter of law and the Amended Complaint should be dismissed in its entirety and with prejudice.

Moreover, this same exact legal issue has been the subject of four (4) separate prior lawsuits that were filed in New York state court against Southbridge by other executors and estates of decedents who similarly maintained shares of stock in the Mitchell-Lama cooperative but who died prior to Southbridge's reconstitution date of September 10, 2015. Notably, each of these four prior lawsuits was dismissed in its entirety in response to Southbridge's dispositive motions. The plaintiffs in each of these cases then appealed the dismissal to the Appellate Division, First Department, and the Appellate Division affirmed the dismissal in each case. See Kay v. Southbridge Towers, Inc., et al., 44 N.Y.S.3d 23, 145 A.D.3d 576 (1st Dept. 2016) (which

was consolidated with the case of <u>Barth v. Southbridge Towers, Inc., et al.</u>); <u>Sherman v. Southbridge Towers, Inc.</u>, 44 N.Y.S.3d 22, 145 A.D.3d 575 (1st Dept. 2016); and <u>Costacos v. Southbridge Towers, Inc.</u>, 75 N.Y.S.3d 906, 162 A.D.3d 588 (1st Dept. 2018).

In these cases, the First Department held that the executors / estates were not shareholders of record in connection with the apartments and that the executors / estates do not maintain any rights to the Mitchell-Lama apartments in Southbridge pursuant to 9 NYCRR sec. 1727-8.3 and the applicable case law. The First Department in the <u>Kay</u>, <u>Barth</u>, and <u>Sherman</u> cases also specifically held that the Offering Plan, in "plain and unambiguous language", excluded estates from the privatization process. The First Department in <u>Costacos</u> further held that the decedent's shares in Southbridge were previously required to be surrendered back to Southbridge since the decedent in <u>Costacos</u> had died three months prior to the September 10, 2015 reconstitution date.

These Decisions of the Appellate Division, First Department, are now the governing case law with regard to the issue of an executor / estate's claim to an apartment or shares of stock in Southbridge for a tenant who died prior to the September 10, 2015 reconstitution date. As the legal issue presented in this matter is the exact same legal issue which was previously presented in each of the <u>Kay</u>, <u>Barth</u>, <u>Sherman</u>, and <u>Costacos</u> cases, this Honorable Court should be bound by the governing precedent previously set by the Appellate Division, First Department, with regard to this state law matter.

Additionally, the Division of Housing and Community Renewal ("DHCR"), which oversees the Mitchell-Lama housing cooperatives, had also previously advised in December 2014, prior to Ms. Moy's passing, that estates do not maintain the right to inherit a Mitchell-Lama apartment in Southbridge. The DHCR clearly advised that, should a tenant die prior to the

reconstitution date, the shares of stock allocated to the apartment must then be turned over to Southbridge and that the rules do not contemplate possession of Mitchell-Lama apartments by estates at any time.

A further independent basis for the dismissal of this lawsuit is that the plain and unambiguous terms of the Offering Plan provide that estates are not permitted to participate in the reconstitution process. In repeated places, the Offering Plan specifically excluded apartments where the shareholder of record is deceased and/or estates from participating in the reconstitution process. Similarly, Plaintiff, as the estate administrator for Ms. Moy, does not qualify as a "shareholder" under the terms of the Offering Plan and therefore Plaintiff does not even maintain standing to assert claims under the Offering Plan. As such, the terms of the Offering Plan itself bar Plaintiff's claims in the Amended Complaint.

The one federal cause of action asserted in the Amended Complaint, the fifth cause of action for purported age discrimination under 42 U.S.C. secs. 1981 and 1983, is also completely without merit and should be dismissed. Plaintiff's claim under Section 1981 is specious since Section 1981 only prohibits intentional racial discrimination and does not apply to any claim of purported age discrimination. The claim under Section 1983 is similarly baseless because Section 1983 only authorizes a court to grant relief when a party's constitutional rights have been violated by a state or local official or other person acting under color of state law. Here, the Defendants are a housing cooperative, its management company, and the individual Board members of the housing cooperative. None of the Defendants are state or local officials and none of the Defendants were acting under color of state law.

4

For all of the various reasons set forth herein, it is clear that all of the claims asserted in the Amended Complaint are wholly without merit and the instant motion to dismiss should be granted in its entirety and with prejudice.

## STATEMENT OF FACTS

Southbridge was a Mitchell-Lama housing complex located in lower Manhattan organized under Article II of the Private Housing Finance Law.  For many years, Southbridge operated as a Mitchell-Lama housing complex that was comprised of nine separate apartment buildings with about 1,650 individual apartment units.  (See Exhibit "A" at pars. 65-67).[1]

In accordance with New York law, Southbridge's shareholders previously voted to exit from the Mitchell-Lama regulatory framework and to instead reconstitute as a private cooperative.  (See Exhibit "A" at par. 69).  As part of this privatization process, eligible shareholders could choose to participate in this reconstitution process to exchange current shares of stock in Southbridge for shares of stock in the reconstituted private cooperative.

After undergoing the lengthy reconstitution process, Southbridge formally reconstituted as a private cooperative on September 10, 2015 when the amended Articles of Incorporation for Southbridge Towers, Inc. were accepted by the New York Secretary of State.  (See Exhibit "A" at par. 151; Exhibit "C")[2].  This served as the final requirement to complete the reconstitution of Southbridge Towers, Inc. from a Mitchell-Lama cooperative into a private cooperative.

---

[1]    All Exhibits refer to the documents annexed to the accompanying Declaration of Evan A. Richman filed in support of the motion to dismiss the Amended Complaint.

[2]    When considering a Rule 12(b)(6) motion to dismiss, the Court may consider documents that are incorporated by reference in the Complaint and/or documents either in plaintiff's possession or upon

In accordance with the rules and regulations of the Division of Homes and Community Renewal ("DHCR") and the terms of the Offering Plan, the Mitchell-Lama laws governed Southbridge up and until the reconstitution date of September 10, 2015.  The Offering Plan specifically states that Southbridge will "remain subject to the rule and regulations of DHCR up to and until the Reconstitution Date".  (See Exhibit "B" at p. 2-3).

According to the Amended Complaint filed by Plaintiff in this matter, Kam Kiu Moy was the proprietary lessee and the owner of shares in Southbridge that were allocated to the cooperative apartment known as Apartment 16M at 100 Beekman Street, New York, New York 10038 ("Apartment").  (See Exhibit "A" at pars. 9, 12).

Kam Kiu Moy passed away on March 11, 2015 which was prior to the date when Southbridge reconstituted as a private cooperative on September 10, 2015.  (See Exhibit "A" at pars. 8, 101).

Following Kam Kiu Moy's passing, her son, Daniel Moy, received Letters Testamentary in connection with his mother's estate.  (See Exhibit "A" at par. 10).  However, Daniel Moy

---

which plaintiff had knowledge and relied in bringing the lawsuit.  Brass v. Am. Film Techs., Inc., 987 F.2d 142 (2d Cir. 1993).  Here, the Amended Complaint specifically refers to the September 10, 2015 date when Southbridge reconstituted from a Mitchell-Lama cooperative to a private cooperative.  (See Exhibit "A" at par. 151).  As such, the Court can thereby consider the amended Articles of Incorporation which were accepted by the New York Secretary of State on September 10, 2015.  Moreover, the Court may also consider any public document of which the Court can take judicial notice.  Taylor v. Vt. Dep't of Educ., 313 F.3d 768 (2d Cir. 2002); Rothman v. Gregor, 220 F.3d 81 (2d Cir. 2000).  Since the amended Articles of Incorporation were filed as a public document with the New York Secretary of State, this Court can also take judicial notice of the document and the reconstitution date of September 10, 2015.

thereafter passed away and, his wife, Ellen Moy was thereafter appointed the Administrator of the Estate of Kam Kiu Moy.  (See Exhibit "A" at par. 15).

The individual Defendants, WALLACE DIMSON, BETSY NEBEL-SCHAINHOLZ, RONALD GUGGENHEIM, JARED BROWN, JOHN OST, PAUL KEFER, were the Board members of Southbridge at the time of the reconstitution process.  (See Exhibit "A" at pars. 26-61, 70).  Defendants PRC MANAGEMENT CORPORATION and PRC MANAGEMENT COMPANY, LLC are the names of the management company for Southbridge.  (See Exhibit "A" at pars. 62-63, 70).

Plaintiff's Amended Complaint asserts ten causes of action against Defendants that are all essentially based on the same underlying theory that Plaintiff maintains an affirmative right to receive shares of stock in the reconstituted private cooperative allocated to the Apartment and/or that Defendants have acted improperly by not providing same to Plaintiff.  Notably, nine of the ten causes of action alleged in the Amended Complaint are state law claims with the only federal claim being the fifth cause of action which alleges purported age discrimination in violation of 42 U.S.C. secs. 1981 and 1983.

## ARGUMENT

## I.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007)).  In considering whether a complaint states a claim upon which relief can be granted, the court should "begin by identifying pleadings that, because they

are no more than conclusions, are not entitled to the assumption of truth," and then determine whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief." Id. at 679.

## II.     DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED BECAUSE AN ESTATE SIMPLY HAS NO RIGHTS WITH REGARD TO A MITCHELL-LAMA APARTMENT AS A MATTER OF LAW.

Defendants' motion to dismiss Plaintiff's Amended Complaint should be granted as a matter of law.   Plaintiff's Amended Complaint makes the faulty assumption that Plaintiff maintains certain rights to obtain shares of stock allocated to the Apartment in the reconstituted cooperative even though Plaintiff concedes that the decedent Kam Kiu Moy passed away on March 11, 2015.   On March 11, 2015, Southbridge was still governed by the Mitchell-Lama regulations as it was prior to the reconstitution date of September 10, 2015 on which Southbridge formally changed from a Mitchell-Lama cooperative to a private cooperative.

Article II of the Private Housing Finance Law is commonly referred to the Mitchell-Lama Law and this Law and the accompanying regulations apply to the instant dispute.   The Mitchell-Lama Law is clear that an executor / estate simply maintains no rights to a Mitchell-Lama apartment.   Instead, once the tenant of record of a Mitchell-Lama apartment dies, the estate is then required to surrender the shares of stock related to the apartment back to the housing company, unless there is a claim by a family member for succession rights to the apartment.

The operative statutory authority governing this case is clear and unambiguous. Specifically, 9 NYCRR sec. 1727-8.3 states as follows:

Sec. 1727-8.3     Special succession provisions in the event of the death of a tenant / cooperator

(a) **Where a tenant / cooperator has died, the lease and the shares of stock for such decedent's apartment shall be surrendered by the decedent's**

**estate or survivors for redemption.** The housing company upon written request received from any member of such tenant's or cooperator's family who has resided with the tenant or cooperator in the dwelling unit as a primary residence and pursuant to the provisions of section 1727-8.3 and the Private Housing Finance Law, shall sell or transfer the shares and the lease to the family member as set forth in section 1727-8.3.

(Emphasis Added).

As such, under the Private Housing Finance Law, when a tenant in a Mitchell-Lama apartment dies, the lease and shares of stock related to the apartment are to be surrendered by the decedent's estate or heirs back to the housing company. The statute does not provide any basis whatsoever in which an estate maintains the legal right to either inherit the shares of stock associated with a Mitchell-Lama apartment or to otherwise occupy a Mitchell-Lama apartment.[3]

Accordingly, at the time of Kam Kiu Moy's passing on March 11, 2015, the estate of Kam Kiu Moy was required to surrender the shares of stock back to Southbridge pursuant to the Mitchell-Lama regulations. The estate does not maintain any rights to either "inherit" the Mitchell-Lama apartment or to the corresponding shares of stock allocated to the apartment. As Kam Kiu Moy died prior to the reconstitution date of September 10, 2015, the estate also does not maintain any rights to either the apartment in the reconstituted private cooperative or to any shares of stock allocated to the apartment in the reconstituted private cooperative. Thus, as all

---

[3] The only exception to this framework is when a qualifying family member makes a request for succession to the apartment. Under the applicable guidelines, when a tenant either permanently vacates an apartment or dies, a family member can potentially qualify for succession to the apartment in the event that (1) the family member occupied the apartment as the family member's primary residence for not less than two years and (2) the family member's name is also listed on the annual income affidavits required to be filed with the housing company during the relevant period of time. See 9 NYCRR sec. 1727-8.2(a). However, here, there has been no succession request in connection with the Apartment.

9

of the claims asserted in the Amended Complaint relate to this specific issue, this Honorable Court should grant the instant motion and dismiss the Amended Complaint.

### III. THE APPELLATE DIVISION, FIRST DEPARTMENT, HAS REPEATEDLY DISMISSED THE EXACT SAME CLAIMS PREVIOUSLY ASSERTED BY OTHER EXECUTORS / ESTATES AGAINST SOUTHBRIDGE WHEN A TENANT DIED PRIOR TO THE RECONSTITUTION DATE OF SEPTEMBER 10, 2015.

Significantly, the exact same issue raised by Plaintiff in the Amended Complaint has previously been raised in four (4) separate lawsuits filed in New York state court by executors / estates of other decedents who maintained shares of stock in Southbridge but who subsequently died prior to the reconstitution date of September 10, 2015. In each of these cases, the tenant of a Mitchell-Lama apartment in Southbridge died at some point in time prior to the reconstitution date of the cooperative on September 10, 2015. The executors of the tenant's estates then individually filed suit against Southbridge contending that Southbridge was required to issue to the executor / estate a new proprietary lease for the apartment and accompanying stock certificates in the newly reconstituted private cooperative.

Southbridge moved to dismiss the Complaint in each of these four cases and Southbridge's motions were all granted by four different Supreme Court Justices in New York state court. The executors appealed these decisions in each of these cases and the Appellate Division, First Department, unanimously affirmed the dismissal in all of these cases. See Costacos v. Southbridge Towers, Inc., 75 N.Y.S.3d 906, 162 A.D.3d 588 (1st Dept. 2018); Kay v. Southbridge Towers, Inc., et al., 44 N.Y.S.3d 23, 145 A.D.3d 576 (1st Dept. 2016) (which was consolidated with the case of Barth v. Southbridge Towers, Inc., et al.) and Sherman v. Southbridge Towers, Inc., 44 N.Y.S.3d 22, 145 A.D.3d 575 (1st Dept. 2016).

The Appellate Division, First Department, held that the plaintiff executors were not the shareholders of record with regard to the apartments as the stock certificates that had been previously issued to the decedent tenants were required to be surrendered back to Southbridge upon the decedent's death and were not automatically transferred to the plaintiff executors upon death.   The First Department specifically cited to the governing Mitchell-Lama regulation, 9 NYCRR 1727-8.3, in support for this holding in each of the cases.

Moreover, the First Department also held that the Offering Plan, "in plain and unambiguous" language, excluded estates from the privatization process and also defined the term "shareholders" used in the Offering Plan as being only those persons who were shareholders of record as of the filing date of the Offering Plan on April 10, 2014.  (See point V (b) *infra* for further discussion on this point).  Since the decedents (and not the executor / estates) were the shareholders of record as of the filing date, the First Department held that the plaintiff executors / estates thereby had no viable claims to the apartments under either the terms of the Offering Plan or the applicable law.

Notably, the Costacos case is very similar factually to the instant action since the decedent in Costacos passed away on June 8, 2015 - which was only three months prior to the reconstitution date of September 10, 2015.   Nevertheless, the First Department specifically dismissed the claims in that action because the executor / estate failed to surrender the shares in the Mitchell-Lama cooperative back to Southbridge upon the decedent's passing in June 2015. Here, in the instant action, Kam Kiu Moy passed away at an earlier point in time on March 11, 2015, which was about six months before the reconstitution date, and Plaintiff has never surrendered the shares in the Mitchell-Lama cooperative back to Southbridge as expressly required under 9 NYCRR 1727-8.3(a).    Accordingly, Plaintiff does not maintain any viable

11

basis to seek the relief requested in the Amended Complaint and the Amended Complaint should be dismissed in its entirety pursuant to the holding in Costacos.

It should also be noted that, prior to these four (4) recent decisions involving Southbridge, all applicable lower court decisions in New York have also held similarly that an estate does not maintain any right to inherit a Mitchell-Lama apartment.  For example, in Dennis Lane Apts. Inc. v. James, 901 N.Y.S.2d 507 (Civ. Ct. 2010), the housing company commenced an action against the son of the decedent who had previously been a tenant in a Mitchell-Lama apartment.  The court, citing 9 NYCRR 1727-8.3(a), stated that when a  tenant in a Mitchell-Lama apartment dies, the lease and shares of stock relating to the apartment "shall be surrendered by the decedent's estate or survivors for redemption."  See also Chatham Towers v. Estate of Tom, 607 N.Y.S.2d 543 (Sup. Ct. N.Y. Cty. 1993) (holding that the decedent's estate had not demonstrated a right to acquire the shares relating to a Mitchell-Lama apartment since there were no relatives who satisfied the succession requirements); Matter of Levin v. New York City Dept. of Housing Preservation and Development, 140 Misc. 2d 110 (Sup. Ct. N.Y. Cty. 1988) (stating that the right of occupancy in a Mitchell-Lama cooperative cannot be bequeathed to another and that, upon the death of the tenant, the shares of stock must be returned to the housing company); Matter of Heubel v. New York City Dept. of Housing Preservation and Development, 2011 N.Y. Misc. LEXIS 3517, 2011 N.Y. Slip Op 31929U (Sup. Ct. N.Y. Cty. 2011) ("Tenants who receive the benefits of Mitchell-Lama law cannot pass succession rights to others except in specifically defined situations".).

Based on the applicable law, it is abundantly clear that Plaintiff simply maintains no legal rights in connection with the subject Apartment and, as a result, dismissal of the Amended Complaint in its entirety is mandated pursuant to Fed. R. Civ. P. 12 (b)(6).   Kam Kiu Moy

passed away on March 11, 2015 which was about six months prior to Southbridge's reconstitution date of September 10, 2015. Thus, there can be no dispute that the Apartment was still subject to the Mitchell-Lama Law at that time and the Mitchell-Lama Law thereby applies to this action. As set forth above, under the applicable Mitchell-Lama Law (specifically, 9 NYCRR sec. 1727-8.3(a)), after the tenant's passing, an estate simply does not maintain any legal right to either occupancy of the Mitchell-Lama apartment or to the shares of stock related to the apartment. Instead, the shares in the cooperative related to the apartment must be surrendered to the housing authority.

Additionally, as discussed above, the Appellate Division, First Department, in the Kay, Barth, Sherman, and Costacos cases, have now specifically applied this Mitchell-Lama law to the exact same issues raised by Plaintiff in the instant lawsuit and have found these claims to be without merit and contrary to the law. Under the doctrine of *stare decisis*, this Honorable Court is required to adhere to these prior governing precedents. Thus, the instant motion should be granted and the Amended Complaint should be dismissed in its entirety with prejudice since Plaintiff's claims are simply contrary to the existing law.

## IV.   DHCR HAS ALSO INDEPENDENTLY CONFIRMED THE RELEVANT LAW THAT ESTATES DO NOT MAINTAIN ANY RIGHTS TO MITCHELL-LAMA APARTMENTS IN SOUTHBRIDGE.

In addition to the prior governing case law on this issue, DHCR, the state agency that oversees the Mitchell-Lama program, previously confirmed to all tenants in Southbridge in year 2014 that (1) Southbridge was governed by the Mitchell Lama rules at all times until the reconstitution date; (2) that the shares of stock must be surrendered back to Southbridge if any

tenant dies before the reconstitution date; and (3) that estates cannot possess a Mitchell-Lama apartment at any time.

By way of letter dated December 16, 2014, the DHCR Assistant Commissioner Richmond McCurnin specifically stated that both DHCR and the New York Attorney General's Office were in agreement that the Mitchell-Lama rules and regulations apply to Southbridge at all times until the reconstitution date.  (See Exhibit "D").[4]  The DHCR stated as follows in this letter:

> [u]nder the Offering Plan for Dissolution and Reconstitution for Southbridge Towers (the "Plan"), both the housing company and the shareholders are subject to the Mitchell-Lama rules (the "Rules") until the Reconstitution Date.  Plan, pp. 2-3.  This means that if a shareholder dies before the Reconstitution Date, the Rules apply.
>
> (See Exhibit "D").

Accordingly, pursuant to the plain terms of both the Offering Plan and the December 16, 2014 letter from DHCR, the Mitchell-Lama rules and regulations apply to this matter since Kam Kiu Moy passed away before the reconstitution date of September 10, 2015.

Furthermore, in the December 16, 2014 letter, the DHCR again highlighted the principle that an estate does not maintain any rights to a Mitchell-Lama apartment upon a tenant's death. DHCR Assistant Commissioner Richmond McCurnin stated as follows:

> **The Rules regarding what happens when a shareholder dies are clear. Family members may keep an apartment only if they meet succession requirements. In the absence of succession rights, the shares must be turned over to the housing company for resale.**  The estate has the responsibility to pay the maintenance on the apartment for 90 days or until the shares are sold and the apartment is leased – whichever is sooner.  In addition, under the Rules, it is the

---

[4]      Here, the Amended Complaint specifically cites to and refers to this same December 16, 2104 letter from DHCR.  (See Exhibit "A" at par. 82).  Thus, this Court can consider this letter in determining the instant motion.  Brass v. Am. Film Techs., Inc., 987 F.2d 142 (2d Cir. 1993).

obligation of the housing company to promptly fill vacant apartments for occupancy with eligible applicants from the housing company's waiting list.

The purpose of the Mitchell-Lama law is to provide affordable housing for persons of low and moderate income.  Accordingly, consistent with the Mitchell-Lama law, the Rules contemplate that, in the absence of succession rights for remaining family members, upon the death of a cooperator the apartment should be occupied promptly by persons on the waiting list.  **The Rules do not contemplate possession of Mitchell-Lama apartments by estates at any time.**

(See Exhibit "D") (Emphasis Added).

As such, Plaintiff's Amended Complaint should also be dismissed because the relief requested by Plaintiff in the Amended Complaint is directly contrary to the existing law as has been specifically applied by DHCR to Southbridge.


## V.     THE PLAIN AND UNAMBIGUOUS TERMS OF THE OFFERING PLAN ALSO MANDATE THE DISMISSAL OF THIS LAWSUIT.

### A.     Estates are not permitted to participate in the privatization process.

In matters of contract interpretation, it is well settled that, when the contract constitutes a clear and complete document, the contract should ... be interpreted and enforced according to its terms.  Vermont Teddy Bear Co. v. 538 Madison Realty Co., 1 N.Y.3d 470, 775 N.Y.S.2d 765, 807 N.E.2d 876 (Ct. App. 2004), quoting W.W.W. Assoc. v. Giancontieri, 77 N.Y.2d 157, 565 N.Y.S.2d 440, 566 N.E.2d 639 (Ct. App. 1990).

Courts may not by construction add or excise terms nor distort the meaning of those terms used and thereby make a new contract for the parties under the guise of interpreting the writing.  Reiss v. Financial Performance Corp., 97 N.Y.2d 195, 738 N.Y.S.2d 658 (Ct. App. 2001).  A contract should be interpreted so as to give effect to the intention of the parties as expressed in the unequivocal language employed.  Wallace v. 600 Partners Co., 86 N.Y.2d 543, 634 N.Y.S.2d 669 (Ct. App. 1995).

15

Plaintiff's Amended Complaint should also be dismissed as the Offering Plan clearly excluded estates from participating in the privatization process on numerous occasions.[5] Pursuant to the Offering Plan, only certain individual shareholders of record who are in good standing have the right to participate in the privatization process. The Offering Plan specifically excluded apartments where the shareholder of record is deceased and/or estates from participating. The Offering Plan stated as follows:

> Only individual shareholders of record who are in good standing will have the right to vote for or against the Plan of Reconstitution, as confirmed by communications with DHCR. In accordance with communications with DHCR, **no vote will be counted from the following apartments: (a) each apartment for which there is credible documentary evidence that the shareholder of record is deceased . . .**

(See Exhibit "B" at p. 14). (Emphasis added).

The Offering Plan further stated:

---

[5]     In addition to considering any documents that are either incorporated by reference in the Complaint and/or documents in plaintiff's possession or upon which plaintiff had knowledge and relied in bringing the lawsuit (as discussed in footnotes 2 and 4 above), when considering a Rule 12(b)(6) motion to dismiss, the Court may also consider documents upon which the complaint heavily relied upon thereby rendering the document "integral" to the complaint. DiFolco v. MSNBC Cable, LLC, 622 F.3d 104 (2d Cir. 2010); Chambers v. Time Warner, Inc., 282 F.3d 147 (2d Cir. 2002). Here, the Amended Complaint heavily refers and cites to the terms of the Offering Plan for Southbridge's reconstitution. Plaintiff obviously had knowledge of and relied upon the Offering Plan in bringing this lawsuit and the Offering Plan is thereby "integral" to determining the merits of the claims asserted in the Amended Complaint. As such, this Court can clearly consider the provisions of the Offering Plan referenced herein in deciding the instant motion to dismiss the Complaint.

All Shareholders will have the exclusive right to vote on the Plan of Reconstitution of Southbridge Towers, Inc. at a special meeting not less than 30 days nor more than 180 days from the Presentation Date of the Plan. **Estates will be excluded from the vote.**

(See Exhibit "B" at p. 328).  (Emphasis added).

The Offering Plan again stated with regard to privatization:

> **No vote will be counted from the following apartments: (a) each apartment for which there is credible documentary evidence that the shareholder of record is deceased;** . . .

(See Exhibit "B" at p. 339).  (Emphasis added).

As such, the Offering Plan, in accordance with the Mitchell-Lama Law, specifically excluded apartments where either the shareholder of record had died or where there was an estate from participating in the privatization process.   The Appellate Division, First Department, has already held that these exclusions in the Offering Plan were written in "plain and unambiguous language".  See Kay v. Southbridge Towers, Inc., et al., 44 N.Y.S.3d 23, 145 A.D.3d 576 (1st Dept. 2016) (which was consolidated with the case of Barth v. Southbridge Towers, Inc., et al.) and Sherman v. Southbridge Towers, Inc., 44 N.Y.S.3d 22, 145 A.D.3d 575 (1st Dept. 2016). For this reason as well, the instant motion should be granted and the Amended Complaint should be dismissed.

**B.      Plaintiff is not a shareholder of record under the Offering Plan and thereby cannot assert any claims under the Offering Plan.**

Plaintiff's Amended Complaint should further be dismissed because Plaintiff is not a shareholder of record under the terms of the Offering Plan and thereby Plaintiff does not have standing to assert any claims based upon the Offering Plan.

It has already been determined that executors of estates of deceased tenants in Southbridge are not shareholders of record under the terms of the Offering Plan and thereby

cannot assert any claim to an apartment in Southbridge.  See Kay v. Southbridge Towers, Inc., et al., 44 N.Y.S.3d 23, 145 A.D.3d 576 (1st Dept. 2016); Sherman v. Southbridge Towers, Inc., 44 N.Y.S.3d 22, 145 A.D.3d 575 (1st Dept. 2016).

The Offering Plan defined "shareholder" as being only "those persons who are shareholders of record of Sponsor as of the Filing Date" of the Offering Plan.  (See Exhibit "B" at p. 329).  The Offering Plan was filed on April 10, 2014.  (See Exhibit "A" at par. 121; Exhibit "B" at p. 1).  On April 10, 2014, Kam Kiu Moy was a shareholder in Southbridge.  However, Ms. Moy thereafter passed away on March 11, 2015 which was prior to the reconstitution date of the cooperative of September 10, 2015.

However, the Plaintiff in this action is not Kam Kiu Moy but is instead Ellen Moy, as Administrator of the Estate of Kam Kiu Moy and Ellen Moy, as Trustee of the Daniel T. Moy and Ellen C. Moy Revocable Trust.   Plaintiff Ellen Moy, as Administrator of the Estate of Kam Kiu Moy and Ellen Moy, as Trustee of the Daniel T. Moy and Ellen C. Moy Revocable Trust is **not** a shareholder of record under the terms of the Offering Plan.  There are no stock certificates in Southbridge issued in the name of Ellen Moy, as Administrator of the Estate of Kam Kiu Moy and Ellen Moy, as Trustee of the Daniel T. Moy and Ellen C. Moy Revocable Trust.  Since Plaintiff, Ellen Moy, as Administrator of the Estate of Kam Kiu Moy and Ellen Moy, as Trustee of the Daniel T. Moy and Ellen C. Moy Revocable Trust, is not a shareholder of record under the terms of the Offering Plan, Plaintiff thereby does not maintain any standing or legal authority to assert the claims in the Amended Complaint.  As a result, the instant motion should be granted for this reason as well.

VI.     **UNDER THE MITCHELL-LAMA STATUTORY FRAMEWORK, THERE CAN BE NO WAIVER OR ESTOPPEL OF SOUTHBRIDGE'S RIGHTS AS A MATTER OF LAW.**

Plaintiff contends in the Amended Complaint that Defendants have either waived and/or should be estopped from contending that Plaintiff does not maintain any legal rights to the Apartment and/or share certificates primarily because monthly maintenance payments on the Apartment were made after Ms. Moy's passing or due to any alleged delay.  (See Exhibit "A" at pars. 148-153).

However, Plaintiff's argument is simply wrong as a matter of law as numerous courts have held that there is no waiver or estoppel by a housing provider simply by the provider accepting maintenance payments for a Mitchell-Lama apartment from someone who does not maintain the right to occupy the apartment.  See Matter of Schorr v. New York City Dept. of Hous. Preserv. & Dev., 10 N.Y.3d 776, 857 N.Y.S.2d 1 (Ct. App. 2008); Matter of Gottlieb v. New York State Div. of Hous. & Community Renewal, 2010 N.Y. Misc. LEXIS 2305 (Sup. Ct. N.Y. Cty. 2010); Matter of Bruno v. Van Amerongen, 2009 N.Y. Misc. Lexis 4071 (Sup. Ct. N.Y. Cty. 2009); Southbridge Towers, Inc. v. Renda, 21 Misc. 3d 1138[A], 875 N.Y.S.2d 824 (Civ. Ct. N.Y. Co. 2008).

Furthermore, estoppel cannot be invoked against a housing authority to prevent it from discharging its statutory duties pursuant to the guidelines for tenant eligibility and succession prescribed under the Mitchell-Lama Law.  See Matter of Schorr, supra; Matter of Chawalko v. New York State Div. of Hous. & Community Renewal, 23 Misc.3d 1109(A), 886 N.Y.S.2d 66 (Sup. Ct. 2009).

Accordingly, Plaintiff's waiver / estoppel argument is clearly without merit as this same argument has been repeatedly rejected by the courts.

## VII.   THE ONE FEDERAL CLAIM ASSERTED IN THE AMENDED COMPLAINT FAILS TO STATE ANY VIABLE CAUSE OF ACTION AS A MATTER OF LAW.

### A.   There is no viable claim under 42 U.S.C. sec. 1981 as this statute only applies to claims of intentional racial discrimination and does not apply to a claim of alleged age discrimination.

The fifth cause of action attempts to allege a federal claim of age discrimination under 42 U.S.C. 1981 and/or 42 U.S.C. 1983.   However, it is clear that there is no viable claim for age discrimination under either statute with regard to this matter and thereby the fifth cause of action should be dismissed.

The law is clear that Section 1981 solely prohibits discrimination on the basis of race and does not apply to gender, religion, national origin, or age discrimination.   Anderson v. Comboy, 156 F.3d 167 (2d Cir. 1998).    Section 1981 only prohibits intentional racial discrimination. Brown v. City of Oneonta, 221 F.3d 329 (2d Cir. 1999).   As such, Plaintiff cannot assert a Section 1981 claim based on alleged age discrimination and the fifth cause of action in the Amended Complaint should be dismissed.

### B.   There is no viable claim under 42 U.S.C. section 1983 because Section 1983 only authorizes a court to grant relief when a party's constitutional rights have been violated by a state or local official or other person acting under color of state law.

To state a claim under 42 U.S.C. sec. 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law.   McGugan v. Aldana-Bernier, 752 F.3d 224 (2d Cir. 2014); Washington v. County of Rockland, 373 F.3d 310 (2d Cir. 2004).   Section 1983 only authorizes a court to grant relief when a party's constitutional rights have been violated by a state or local official or other person acting under color of state law. Eagleston v. Guido, 41 F.3d 865 (2d Cir. 1994).   To establish a constitutional violation under

Section 1983, a plaintiff must demonstrate that (1) the defendants were acting under color of state law at the time of the alleged violation and (2) the action was a deprivation of a constitutional or federal statutory right.  Hayut v. State Univ. of New York, 352 F.3d 733 (2d Cir. 2003).

Here, first and foremost, none of the Defendants are either state or local officials or were acting under color of state law.  The Defendants are a housing cooperative, its management company, and the individual Board members of the housing cooperative.  The allegations in the Amended Complaint pertaining to the purported age discrimination claim allege that Defendants delayed the reconstitution process so as to have elderly residents of Southbridge "die-off" in order to have their shares of stock be returned to the cooperative and thereby enrich the cooperative.  (See Exhibit "A" at pars. 84-103, 182-185).  Nowhere in the Amended Complaint is there any factual allegation that Defendants were either state or local officials or were acting under color of state law.  Moreover, the mere allegation of just "delay" is completely insufficient to constitute a deprivation of a constitutional or federal statutory right in connection with a Section 1983 claim.  Therefore, to the extent that the fifth cause of action in the Amended Complaint attempts to assert a claim for age discrimination pursuant to 42 U.S.C. 1983, such a claim completely fails to allege any viable cause of action and should be dismissed.

## CONCLUSION

For all of the foregoing reasons, Defendants SOUTHBRIDGE TOWERS, INC.,

WALLACE DIMSON, BETSY NEBEL-SCHAINHOLZ, RONALD GUGGENHEIM, JARED

BROWN, JOHN OST, PAUL KEFER, PRC MANAGEMENT CORPORATION, and PRC

MANAGEMENT COMPANY, LLC. respectfully request that this Honorable Court grant the

instant motion to dismiss the Amended Complaint in its entirety and with prejudice pursuant to

Federal Rule of Civil Procedure 12(b)(6), together with other and further relief deemed just and

proper.

Dated: Mineola, New York
       May 17, 2019

                                        Yours, etc.,

                                        FLEISCHNER POTASH LLP

                                        By: _____
                                            EVAN A. RICHMAN (EAR-7507)
                                        Attorneys for Defendants
                                        SOUTHBRIDGE TOWERS, INC., WALLACE
                                        DIMSON, BETSY NEBEL-SCHAINHOLZ,
                                        RONALD GUGGENHEIM, JARED BROWN,
                                        JOHN OST, PAUL KEFER, PRC
                                        MANAGEMENT CORPORATION, PRC
                                        MANAGEMENT COMPANY, LLC.
                                        1527 Franklin Avenue, Suite 200
                                        Mineola, New York 11501
                                        (646) 520-4200
                                        erichman@fleischnerpotash.com
                                        Our File No.: 416-21811

22

**CERTIFICATE OF COMPLIANCE**

The foregoing Memorandum of Law in Support of Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) was prepared on a computer in the proportional space typed face of Times New Roman, 12 point, with double spaced lines. The total Number of Words contained therein as per Judge Koeltl's Individual Practices is 6,593.

Dated: Mineola, New York
      May 17, 2019

                              Yours, etc.,

                              FLEISCHNER POTASH LLP

                              By:         *Ev. A. Rich*

                              EVAN A. RICHMAN (EAR-7507)
                              Attorneys for Defendants
                              SOUTHBRIDGE TOWERS, INC., WALLACE
                              DIMSON, BETSY NEBEL-SCHAINHOLZ,
                              RONALD GUGGENHEIM, JARED BROWN,
                              JOHN OST, PAUL KEFER, PRC
                              MANAGEMENT CORPORATION, PRC
                              MANAGEMENT COMPANY, LLC.
                              1527 Franklin Avenue, Suite 200
                              Mineola, New York 11501
                              (646) 520-4200
                              erichman@fleischnerpotash.com
                              Our File No.: 416-21811